FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2018 DEC 19  AM 10: 04

CLERK_____
SO. DIST. OF GA.

# In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

$59,260.00 U.S. CURRENCY,

    Defendant.

No. 2:18-cv-95

### ORDER

Before the Court is Plaintiff the United States of America's Motion to Strike Third-Party Claim. Dkt. No. 10. For the reasons set forth below, the United States' Motion is **GRANTED**.

### BACKGROUND

This case involves a forfeiture action filed by the United States and a third-party claim on the $59,260.00 in United States Currency at issue in the forfeiture action (hereinafter, the "Defendant Currency") filed by Claimant Richie Favor. The Defendant Currency was seized from Anthony Frances Gambino following a traffic stop along the southbound side of Interstate 95 in Weaver, Georgia on the morning of January 22, 2018. Dkt. No. 1 at 2; Dkt. No. 10 at 1-2.[1] Gambino was pulled over for

---

[1] The Court recites the facts of Gambino's traffic stop and arrest as stated in the United States' Verified Complaint for Forfeiture In Rem, dkt. no. 1, and the United States' Motion to Strike Third Party Claim, dkt. no. 10, because

AO 72A
(Rev. 8/82)

Case 2:18-cv-00095-LGW-BWC   Document 13   Filed 12/19/18   Page 2 of 10

speeding, and after stopping Gambino, the officer conducting the stop discovered Gambino's driver's license was suspended. Dkt. No. 10 at 2. Upon being detained, Gambino acknowledged that he was concerned about leaving his duffle bag in the car because it contained a large amount of cash—$59,260.00 to be exact. Id.

During the traffic stop, the officers on the scene deployed a Narcotics Detection K-9 to inspect Gambino's vehicle. Id. The K-9 positively indicated the presence of contraband in the driver's side door, and a search of the vehicle revealed a marijuana grinder. Id. After searching the vehicle, officers took Gambino and his duffle bag to the Sheriff Office Patrol building in Camden County. Id. At the Sheriff's Office, officers placed five identical duffle bags on the floor with one containing the Defendant Currency. Id. at 3. After inspecting all five bags, the K-9 positively indicated the presence of contraband within the bag containing the Defendant Currency. Id. at 3. Based on these facts, the United States filed a Verified Complaint for Forfeiture In Rem against the Defendant Property on August 2, 2018. Dkt. No. 1.

---

those facts are not contested by Claimant, see dkt. no. 9, and they are only relevant to explaining the background of this forfeiture action, not Claimant's specific arguments as to his claim to the Defendant Property. Furthermore, Claimant did not respond to the United States' Motion. See L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

AO 72A
(Rev. 8/82)

2

On September 11, 2018, Claimant Richie Favor filed a claim on the Defendant Currency. Dkt. Nos. 5-6.  In addition, on September 27, 2018, Claimant filed an answer and cross claim to the United States' Verified Complaint for Forfeiture In Rem.  Dkt. No. 9. However, Claimant's documents were filed by attorney Mario F. Gallucci who is not admitted to practice in the Southern District of Georgia and who has not been admitted pro hac vice.  Despite being notified of these facts through a deficiency notice sent on September 17, 2018, Gallucci has not associated local counsel, has still not filed a motion to be admitted pro hac vice, and did not appear at the hearing on this matter on December 10, 2018.[2]

Claimant demands a judgment in the amount of $40,000 from the Defendant Property, arguing that he gave that money to Gambino to use as a down payment on a property for Claimant.  Dkt. No. 9 ¶ 8. Specifically, Claimant alleges that he delivered $40,000 to Gambino to use as a down payment on real property located in Pompano Beach, Florida.  Id.  Claimant alleges that the money was never used or intended to be used for illegal activity and that he is the rightful owner of $40,000 of the Defendant Property.  Id. ¶¶ 10-11.  To support his claim, Claimant attached documents showing that he won a substantial settlement in a personal injury lawsuit from which his net recovery was $655,998.33.  Dkt. No. 6

---

[2] However, Claimant Richie Favor appeared on his own behalf for the hearing.

at 2; Dkt. Nos. 6-1; 6-2; 6-3. Additionally, Claimant attached bank records demonstrating that on January 23, 2018, he wired $48,500 to a person named Lorenzo Jones whose address was listed as 791 Birdie Ln, Pompano, Florida 33069. Dkt. No. 6-4 at 1-4. Claimant also attached documents showing that he deposited $5,000 into a Chase Bank account on January 16, 2018. Dkt. No. 6-4 at 5-6.

## LEGAL STANDARD

"A claimant in a civil forfeiture action must establish both the requirements of Article III standing and statutory standing." United States v. $11,320.00 in U.S. Currency, 880 F. Supp. 2d 1310, 1322 (N.D. Ga. 2012) (citing United States v. $688,670.42 Seized from Regions Bank Account No. XXXXXX5028, 449 Fed. App'x 871, 873 (11th Cir. 2011) (per curiam); United States v. $114.031.00 in U.S. Currency, 284 Fed. App'x 754, 755 (11th Cir. 2008) (per curiam)). As for Article III standing, "[i]t is well established that in order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise, there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts." United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987). While a claimant need not prove the merits of his claim, he must show some "colorable interest in the proceedings sufficient to satisfy the case-or-

controversy requirement." <u>Kadonsky v. United States</u>, 216 F.3d 499, 508 (5th Cir. 2000) (quoting <u>United States v. $9,041,598.68</u>, 163 F.3d 238, 245 (5th Cir.1998); <u>see also</u> <u>$11,320.00 in U.S. Currency</u>, 880 F. Supp. 2d at 1323 ("[A] claimant must show that he has a colorable ownership or possessory interest in the funds."). A claimant can meet this threshold requirement by showing some ownership or possessory interest in the property, <u>see</u> <u>$11,320.00 in U.S. Currency</u>, 880 F. Supp. 2d at 1323; <u>$38,000.00 Dollars in U.S. Currency</u>, 816 F.2d at 1544, "but a bare assertion of ownership in the property, without more, is not enough to prove an ownership interest sufficient to establish standing, <u>$11,320.00 in U.S. Currency</u>, 880 F. Supp. 2d at 1323 (citations omitted).

As for statutory standing, "The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules") and 18 U.S.C. § 983(a)(4) govern civil forfeiture actions and set forth statutory standing requirements for contesting a forfeiture." <u>Id.</u> Rule G(5)(b) of the Supplemental Rules states that: "A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim." Supp. R. G(5)(b). Rule G(8)(c) of the Supplemental Rules states:

> (i) At any time before trial, the government may move to
> strike a claim or answer:
>> (A) for failing to comply with Rule G(5) or (6), or
>> (B) because the claimant lacks standing.
> (ii) The motion:
>> (A) must be decided before any motion by the
>> claimant to dismiss the action; and

AO 72A
(Rev. 8/82)

> (B) may be presented as a motion for judgment on
> the pleadings or as a motion to determine after a
> hearing or by summary judgment whether the claimant
> can carry the burden of establishing standing by a
> preponderance of the evidence.

Supp. R. G(8)(c). The Eleventh Circuit has "emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action." United States v. $12,126.00 in U.S. Currency, 337 F. App'x 818, 820 (11th Cir. 2009) (citing $38,000.00 Dollars in U.S. Currency, 816 F.2d at 1545).

## DISCUSSION

### I.   Article III Standing

The United States asserts that Claimant lacks Article III standing to bring his claim against the Defendant Property in this case. Specifically, the United States argues that Claimant has failed to demonstrate that he is an owner of the money; rather, it maintains that even under the facts alleged by Claimant—that he gave money to Gambino to use as a down payment on a house for Claimant—he is at most an unsecured creditor who has no interest in the Defendant Property. The United States is correct.

First, Claimant must demonstrate some evidence of an ownership or possessory interest in the property to have standing; a bare assertion of ownership is insufficient. Claimant was not in possession of the money that was seized, so he has no possessory interest. Furthermore, the evidence that Claimant has presented

merely shows that he has access to large amounts of money and that he sent a wire transfer, not to Gambino, but to someone named Lorenzo Jones—who may or may not live in Pompano Beach, Florida—in the same month that money was seized from Gambino's vehicle. However, Claimant has provided no evidence connecting him to the money seized from Gambino's duffle bag. At the hearing on the United States' Motion, Claimant, for the first time in an unsworn statement to the Court, maintained that he and Gambino were business partners. Dkt. No. 12. However, no documents or sworn statements in the record show any evidence of such an alleged partnership.

Second, even if Claimant did give money to Gambino to use for a down payment for property in Florida as described in his claim and Answer, at best, those facts, without more, would make Claimant an unsecured creditor. See United States v. Watkins, 320 F.3d 1279, 1281 (11th Cir. 2003) (finding that claimant who gave money to a criminal defendant to buy an automobile for claimant was merely an unsecured creditor as the claimant "possessed no 'attached' security interest in the funds" that he gave to the criminal defendant (citations omitted)). "Unlike secured creditors, general creditors cannot point to any one specific asset and claim that they are entitled to payment out of the value of that specific asset. General creditors instead enjoy a legal interest in the entire estate of the debtor." Id. at 1283. For

AO 72A
(Rev. 8/82)

this reason, "the federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property." <u>United States v. $20,193.39 U.S. Currency</u>, 16 F.3d 344, 346 (9th Cir. 1994) (collecting cases from various circuits including <u>United States v. Four Million, Two Hundred Fifty-Five Thousand</u>, 762 F.2d 895, 907 (11th Cir. 1985)); see also <u>United States v. BCCI Holdings (Luxembourg), S.A.</u>, 46 F.3d 1185, 1191-92 (D.C. Cir. 1995) ("[A] general creditor can never have an interest in specific forfeited property, no matter what the relative size of his claim vis-a-vis the value of the defendant's post-forfeiture estate. Were it otherwise, the court litigating the forfeiture issue would be converted into a bankruptcy court and would not be able to grant forfeiture to the government until it determined that no general creditor would be unable to satisfy its claim against the defendant.").

Here, Claimant allegedly gave money to Gambino to use as a down payment on a property in Florida, and that alleged money was confiscated in a duffle bag full of cash as part of the Defendant Property. As such, Claimant has presented no evidence that he possessed any attached security interest in the funds, making him an unsecured creditor. Thus, as an unsecured creditor, he lacks a colorable interest in the property subject to forfeiture and therefore lacks Article III standing in this case.

AO 72A
(Rev. 8/82)

## II. Statutory Standing

Moreover, Claimant also lacks statutory standing in this case. Rule G(5)(b) of the Supplemental Rules requires a claimant to file an answer to the United States' complaint for forfeiture. In this case, while Claimant did file such an answer within the appropriate time limit proscribed by Rule G(5)(b) of the Supplemental Rules, he filed it through his attorney Mario Gallucci who is not admitted to practice in this district and who has, despite being notified of the deficiency, still not filed a motion to appear <u>pro hac vice</u> or associated counsel who can appear in this Court. As such, Claimant and his attorney have failed to adhere to L.R. 83.4 for being properly admitted to practice before this Court. Because of this failure, the Court will not consider Claimant's Answer as it was not properly filed. <u>See Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y</u>, No. 1:14-CV-03899-SCJ, 2015 WL 13687122, at *3 (N.D. Ga. June 17, 2015) (holding that the court would not consider the party's filings because of the party's failures to comply with local rules regarding admittance to practice before the court). Therefore, because Claimant did not file an answer to the United States' complaint for forfeiture, he lacks statutory standing under Rule G(5)(b) of the Supplemental Rules to contest this forfeiture action. <u>See</u> <u>$12,126.00 in U.S. Currency</u>, 337 F. App'x at 820 (describing the requirement for strict adherence to

AO 72A
(Rev. 8/82)

procedural rules in the Supplemental Rules to have standing to contest a forfeiture action).[3]

### CONCLUSION

For these reasons, Plaintiff United States of America's Motion to Strike Third-Party Claim, dkt. no. 10, is **GRANTED**.

**SO ORDERED**, this 19th day of December, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The United States also preemptively raises an argument on the innocent owner defense under 18 U.S.C. § 983(d), asserting that Claimant as an unsecured creditor lacks the necessary ownership interest necessary to assert the defense under the statute. However, this defense and the statute's definition of "ownership" related to that defense are issues to be resolved on the merits, and because the Court finds that Claimant lacks standing to bring this claim in this case, it need not reach this issue. <u>United States v. One 1990 Beechcraft, 1900 C Twin Engine Turbo-Prop Aircraft, Venezuelan Registration No. YV219T, Serial UC118</u>, 619 F.3d 1275, 1277 n.3 (11th Cir. 2010).